**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Ryan Whitehead, Appellant.

Appellate Case No. 2008-103966

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-526
Heard June 19, 2012 – Filed September 12, 2012

**AFFIRMED**

Senior Appellate Defender Joseph L. Savitz, III, and Appellate Defender LaNelle Cantey DuRant, both of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Melody Jane Brown, all of Columbia, and Solicitor Daniel E. Johnson, of Columbia, for Respondent.

**PER CURIAM:** Christopher Whitehead appeals from his convictions of murder and burglary in the first degree, arguing the trial court erred in (1) allowing into evidence the statements of his two non-testifying co-defendants without adequately redacting their claims of his involvement because it denied him of his right to confront and cross-examine the witnesses; and (2) not directing a verdict acquitting him of murder and burglary because the State's evidence established nothing more than a mere suspicion of guilt.

Josh Zoch died from multiple blunt force trauma to his head after being beaten with a baseball bat the night of December 12, 2006. Zoch, Whitehead, Derrick McDonald, and Robert Cannon all worked at the same Sonic Restaurant at one time. McDonald and Cannon both gave statements to police admitting their and Whitehead's involvement in the murder. Whitehead, McDonald, and Cannon were tried together as co-defendants in May 2008. None of the three co-defendants testified at trial. The jury found all three guilty, and the trial court sentenced Whitehead to two concurrent sentences of life without parole for murder and first-degree burglary due to his 2005 guilty plea to attempted armed robbery. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Whitehead's argument that the trial court erred in allowing McDonald's and Cannon's statements into evidence without adequately redacting the portions of their statements implicating Whitehead because it denied him his right to confront and cross-examine the witnesses: *State v. McDonald*, Op. No. 5033 (S.C. Ct. App. filed September 12, 2012) (finding the neutral phrase "another person" inserted into Cannon's statement avoided any *Bruton v. United States*, 391 U.S. 123 (1968), violation because the redacted statement only implicated the statement's maker, and did not limit the participants to three, which would implicate the three defendants on trial; therefore, the trial court properly allowed Cannon's redacted statement into evidence).

2.      As to Whitehead's argument that the trial court erred in not directing a verdict acquitting him of murder and burglary because the State's evidence only established a mere suspicion of guilt: *State v. Kelsey*, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (stating the trial court is concerned with the existence of evidence rather than its weight when considering a directed verdict motion); *State v. Sanders*, 388 S.C. 292, 299, 696 S.E.2d 592, 596 (Ct. App. 2009) ("'In reviewing the denial of a motion for a directed verdict, the evidence must be viewed in the light most favorable to the State, and if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the

accused, an appellate court must find that the case was properly submitted to the jury.'" (quoting *Kelsey*, 331 S.C. at 62, 502 S.E.2d at 69)); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("[A] trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**